UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

In re: )
Boyd William Nowicki and )
Nicole Barbara Nowicki        , )   Case No. 14-72122
)
)
Debtor(s). )

# CHAPTER 13 PLAN

Original ☒

Amended Plan # ☐ (*e.g.*, 1st, 2nd)
**MUST BE DESIGNATED**

  **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court.

  **THIS PLAN DOES NOT ALLOW CLAIMS.** A creditor must file a timely Proof of Claim to receive distribution as set forth in this Plan. Even if this Plan provides for payment, no payment will be made unless a Proof of Claim is timely filed. In the event of a conflict between a Proof of Claim and the terms of this Plan, the terms of this Plan shall control.

  ☒ A check in this box indicates that this Plan contains special provisions, set out in Section 10. Otherwise, this Plan includes no provisions deviating from the Model Plan adopted by the Court at the time of the filing of this case.

  As used herein, the term "Debtor" includes both the debtor and co-debtor in a jointly administered case.

1. Payments To Fund Plan:

  A. The Debtor submits to the Standing Chapter 13 Trustee ("Trustee") the following payments:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $1,119.02 | $67,141.20 |
| Total # Months: | 60 | Grand Total Payments: | $67,141.20 |

  B. ☐ The Debtor is required to turn over to the Trustee 100% of all federal and state income tax refunds received during the term of this Plan, excepting only any federal income tax refund constituting Earned Income Credit and/or Additional Child Tax Credit, and any additional state and/or federal refund of $1500 or less per year in the aggregate.

    ☒ The Debtor is not required to turn over to the Trustee any income tax refunds received during the term of this Plan.

C.     Other Payments:

| None |
|---|

D.     In the event there is a discrepancy between the aggregate amount that the Debtor proposes to pay to the Trustee to fund this Plan, and the aggregate amount needed by the Trustee to pay all claims in accordance with the specific provisions set forth below, the specific provisions set forth below shall control. If, at any time during the term of this Plan, it is determined by the Trustee that insufficient funds are being paid in to fund all payments the Trustee is required to make, the Debtor shall increase the periodic payments set forth at Section 1(A) above or otherwise provide for increased payments as needed. Alternatively, if the amount the Debtor is paying to the Trustee exceeds the amount needed for the Trustee to make all payments required by this Plan, any excess funds shall be refunded to the Debtor. Nothing in this provision should be construed as limiting the right of the Debtor, the Trustee, or any unsecured creditor to seek to modify this Plan after confirmation pursuant to 11 U.S.C. §1329.

2. Administrative Claims:

A.     Trustee Compensation:

Trustee fees shall be paid as provided by 28 U.S.C. §586(e). Regardless of the precise amount of the Trustee's fees set by the U.S. Trustee at any particular time, for purposes of this Plan, the fees shall be estimated at 10% of all amounts to be paid through this Plan.

B.     Attorney Fees:

Choose one of the following:

☒     Debtor's attorney has agreed to accept $ __3,500.00__ for all services to be rendered to the Debtor in this case as required by the current Standing Order Re: Attorney Fees for Debtor's Counsel — Springfield Division. Because the fee amount is at or below the "no-look" fee set forth in the Standing Order, the attorney is not required to file a fee application unless otherwise ordered by the Court. Attorney has received $ __995.00__ of the fee and the balance of $ __2,505.00__ shall be paid through this Plan in accordance with the Standing Order.

☐     Debtor's attorney has not agreed to accept a fee at or below the "no look" fee and, therefore, will file an initial itemized fee application within 30 days after the entry of an order confirming this Plan. Attorney estimates the total fee request to be $_____. Attorney has received $_____ and expects the balance to be paid through this Plan to be $_____. Payment of the balance through this Plan shall be paid in accordance with the Standing Order.

Further interim and final fee applications may be filed during the term of this Plan, provided that attorneys who have agreed to accept a "no look" fee pursuant to the Standing Order may only seek compensation for services which are beyond the scope of the services required to be performed to obtain a "no look" fee.

3. Priority Claims:

A.     Domestic Support Obligations:   ☒ None

B.     Other Priority Claims under 11 U.S.C. §507:   ☒ None

4. Secured Claims:

A.     Maintenance of Payments:   ☐ None

    i.     The Debtor shall pay post-petition payments directly to the following creditors:

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| Wells Fargo Dealer Services | 2010 Dodge Grand Caravan | $9,819.43 | $369.17 |
| Harley Davidson Credit | 2008 Harley Davidson FLHTC Electra Glide Classic | $10,462.00 | $327.54 |
| Wells Fargo Home Mortgage | Residence located at 20201 State Hwy 123, Petersburg, IL 62675 | $223,054.00 | $1,811.00 |

        ii.    The Trustee shall pay post-petition payments through this Plan to the following creditors:

| Creditor | Collateral | Estimated total amount due | Monthly payment |
|---|---|---|---|
| N/A | | | |

    B.    Curing Default:   ☒ None

    C.    Secured Claims to which 11 U.S.C. §506 Valuation is NOT Applicable ("910 Claims"):   ☒ None

    D.    Other Secured Claims:   ☒ None

    E.    Secured Claims for Real Estate Taxes:   ☒ None

    F.    Surrender of Property:   ☐ None

The Debtor surrenders any and all right, title, and interest in the following collateral:

| Creditor | Collateral Surrendered |
|---|---|
| HFC Beneficial | Property located at 815 N. 7th St, Petersburg, IL 62675 |
| South Central Bank | Property located at 815 N. 7th St, Petersburg, IL 62675 |
| BMW Financial Services | 2008 Cadillac SRX |

    Any remaining deficiency following the sale of surrendered collateral shall be treated as an unsecured claim, provided that the creditor has filed a timely Proof of Claim as required by the Federal Rules of Bankruptcy Procedure.

5.    Unsecured Claims:

    A.    Unless specifically set forth at Section 10 below, if the Debtor's estate were liquidated under Chapter 7 as of the date of this Plan, the value of the property to be distributed on account of allowed unsecured claims would be $0.

    B.    Per Official Form 22C-1, Debtor has a ☐ 3- or ☒ 5-year applicable commitment period.

    C.    Debtor's projected monthly disposable income is $ 1,282.60 . (In calculating this amount, a deduction should be taken for the 10% Trustee's fee described in Section 2(A) above. The Trustee's fee deduction should be taken only once.)

    D.    Co-Debtor Claims:    ☒ None

    E.    Choose only one of the following:

        ☐ Allowed general unsecured claims shall not receive any distribution pursuant to this Plan.

        ☒ Allowed general unsecured claims shall be paid in full pursuant to this Plan.

        ☐ Debtor shall pay the sum of $ _____ to unsecured creditors pursuant to this Plan, which shall be distributed first to pay all claims listed in Section 5(D) above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

        ☐ The funds remaining after disbursements have been made to all other creditors provided for herein shall be distributed first to pay all claims listed in Section 5(D) above, if any, in full, and then to pay all other allowed general unsecured claims *pro rata*.

6.    Executory Contracts and Unexpired Leases:    ☒ None

7.    Property of the Estate:

        ☐ Upon confirmation, all property of the estate shall vest in the Debtor. Notwithstanding this provision, the Trustee retains the right to assert a claim to any additional property of the estate that the Debtor acquires post-petition pursuant to 11 U.S.C. §1306.

        ☐ All property of the estate shall vest in the Debtor upon discharge.

Pursuant to 11 U.S.C. §1327(b), the effect of failure to check one of the above boxes will be to vest all property of the estate in the Debtor upon confirmation.

8.    Lien Avoidance:    ☒ None

9.    Miscellaneous:

    A.    Per Fed. R. Bankr. P. 3010(b), the Trustee shall make no payment in a denomination of less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments of less than $15.00.

    B.    All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. §1328.

    C.    Secured creditors and lessors to be paid directly by the Debtor may continue to send to the Debtor customary notices, payment coupons, and invoices notwithstanding the automatic stay.

10.    Special Section Terms:

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box below. The provisions will not be effective unless there is a check in the notice box preceding Section 1 above:

| |
|---|
| The 2008 Cadillac SRX shall be surrendered in full satisfaction of the debt thereon owed to BMW Financial Services. The property located at 815 N 7th St, Petersburg, IL 62675 shall be surrendered in full satisfaction of the debt thereon owed to HFC Beneficial and South Central Bank. |

If the Debtor is represented by an attorney, the attorney must sign the Plan and the Debtor may but is not required to sign it. If the Debtor is not represented by an attorney, the Debtor must sign the Plan. The Plan must be dated.

Signed:

Date: _____

Name, Debtor

Date: _____

Name, Joint Debtor

Date: 4-14-15

*[signature]*
Attorney for Debtor(s):

2055 W. Iles Avenue, Ste. A
Springfield, IL 62704

Attorney Address

(217) 698-6300

Attorney Phone Number

mikeloganlaw@netzero.net

Attorney E-mail Address